SEALED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.

JESUS ALEJANDRO MILLAN GOMEZ

CASE NO. 6:22-cr-178- CEM-DAB
18 U.S.C. § 1343
18 U.S.C. § 1028A

## INDICTMENT

The Grand Jury charges:

### COUNTS ONE THROUGH FIVE
### (Wire Fraud)

#### A.  Introduction

At times material to this Indictment:

1.  **JESUS ALEJANDRO MILLAN GOMEZ** was a resident of Kissimmee, Florida.

2.  Uber Technologies Inc. (Uber) was a San Francisco based company that provided a ride hailing platform that allowed registered drivers to connect with registered riders with a downloadable software application on a smartphone. Uber maintained servers in Arizona and Virginia.

3.  Uber drivers were independent contractors whose pay included a sum of fares, promotions, bonuses and reimbursements. These driver payments were made by Uber and could be direct deposited into designated bank accounts or onto debit cards associated with bank accounts.

4. Fares were charged to Uber customers based on milage and time, and Uber received a commission for each booking/ride made using its application.

5. Each Uber rider account was associated with a specific payment method, which could include credit and debit cards, PayPal, Venmo, digital wallets, and Uber gift cards. When a ride ended, the selected payment account of the rider was charged by Uber. The driver then received the driver payment directly from Uber through a process called "Instant Pay."

6. Instant Pay payments for Uber driver earnings were facilitated through Green Dot Bank via a process in which Uber wired funds from a Citibank account in New York to Green Dot Bank (doing business as Bonneville Bank) in Utah. In turn, Green Dot transmitted Automatic Clearing House (ACH) payments to bank accounts or debit cards associated with Uber driver accounts.

7. A "means of identification," was any name or number that could be used, alone or in conjunction with any other information, to identify a specific individual, including any name, signature, social security number, date of birth, official State or government issued driver's license or identification number, any unique electronic identification number, address or routing code, or any access device.

### B. **The Scheme and Artifice**

8.      Beginning in or about May 2018, and continuing through in or about October 2019, in the Middle District of Florida, and elsewhere, the defendant,

**JESUS ALEJANDRO MILLAN GOMEZ,**

did knowingly, willfully, and with intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, utilizing transmissions by means of wire communication in interstate and foreign commerce of any writings, signs, signals, pictures, and sounds.

### C. **The Manner and Means of the Scheme and Artifice**

9.      The manner and means by which **JESUS ALEJANDRO MILLAN GOMEZ** sought to accomplish the scheme and artifice to defraud included, among others:

a.      It was a part of the scheme and artifice to defraud that defendant **JESUS ALEJANDRO MILLAN GOMEZ** and others known and unknown to the Grand Jury would and did use stolen and fraudulently obtained personal identifying information, including names, dates of birth, addresses and Social Security numbers of individuals, to register and create fraudulent driver accounts with Uber.

3

b.      It was further part of the scheme and artifice to defraud that defendant **JESUS ALEJANDRO MILLAN GOMEZ** and others known and unknown to the Grand Jury would and did use did use stolen and fraudulently obtained personal identifying information, including names, dates of birth, addresses and Social Security numbers of individuals, to register and create fraudulent rider accounts with Uber.

c.      It was further part of the scheme and artifice to defraud that defendant **JESUS ALEJANDRO MILLAN GOMEZ** and others known and unknown to the Grand Jury would and did use and enter Uber gift card numbers and pre-paid credit card numbers with low values (the "payment instruments") as methods of payment for the fraudulent rider accounts.

d.      It was further part of the scheme and artifice to defraud that defendant **JESUS ALEJANDRO MILLAN GOMEZ** and others known and unknown to the Grand Jury would and did initiate short-distance ride requests from the fraudulent rider accounts, in close geographic proximity to one of the fraudulent driver accounts, ensuring a match between fraudulent rider accounts and a fraudulent driver account. The defendant initiated the fraudulent ride requests for a short distance because the gift cards and pre-paid credit cards that he used to perpetuate the fraud had low values and would not have been approved by Uber for longer, more expensive trips. Uber automatically used the first destination entered to

4

calculate a rider's fare and placed an authorization hold for this amount on the payment instrument registered to the rider account.

      e.     It was further part of the scheme and artifice to defraud that, after an initial destination was entered and a rider/driver match was made, and after the initial, low-value hold was placed on the fraudulent rider account's payment instrument, the defendant **JESUS ALEJANDRO MILLAN GOMEZ** and others known and unknown to the Grand Jury would and did change the end destination of the trip to a location much further away, increasing the value of the trip to an amount much greater than the value of the payment instrument. For example, the defendant **JESUS ALEJANDRO MILLAN GOMEZ** caused some trips to increase in value from a few dollars to hundreds of dollars.

      f.     It was further part of the scheme and artifice to defraud that the defendant **JESUS ALEJANDRO MILLAN GOMEZ** did not actually transport or cause to be transported riders to the designated end destination.

      g.     It was further part of the scheme and artifice to defraud that, as the defendant **JESUS ALEJANDRO MILLAN GOMEZ** then well knew, the Uber application did not automatically increase the automatic hold on the payment instrument for a rider account when the end destination was changed. Therefore, Uber honored the new higher fare and electronically compensated the driver through Instant Pay with a transfer of funds that greatly exceeded the available balance of the

5

rider account's payment instrument. In each instance, Uber thus incurred a loss, because when Uber attempted to recover the increased value of the trip from the rider account's payment instrument after the trip concluded, the payment instrument had insufficient funds.

h.    It was further part of the scheme and artifice to defraud that in 2018 and 2019, as a result of the changes in end destination fraudulently caused by the defendant **JESUS ALEJANDRO MILLAN GOMEZ**, Uber would and did electronically transfer hundreds of thousands of dollars in Instant Pay payments to five bank accounts owned and controlled by the defendant.

i.    It was further part of the scheme and artifice to defraud that defendant **JESUS ALEJANDRO MILLAN GOMEZ** and others known and unknown to the grand jury would and did misrepresent, conceal, hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and artifice and the purpose of those acts.

### D. Interstate Wire Transmissions

10.    On or about the dates listed below, in the Middle District of Florida, and elsewhere, the defendant,

### JESUS ALEJANDRO MILLAN GOMEZ,

for the purpose of executing the scheme and artifice and attempting to do so, did knowingly, willfully, and with intent to defraud, transmit and cause to be

6

transmitted by wire communication in interstate commerce the following writings, signs, signals, pictures, and sounds:

| Count | Date | Wire Communication |
|---|---|---|
| ONE | June 10, 2018 | Transfer from the Middle District of Florida of information regarding new Uber driver account in the name of A.M.P., processed using server located outside of Florida |
| TWO | June 18, 2018 | Transfer from the Middle District of Florida of information regarding new Uber driver account in the name of A.M., processed using server located outside of Florida |
| THREE | June 18, 2018 | Transfer from the Middle District of Florida of information regarding new Uber driver account in the name of J.B.M., processed using server located outside of Florida |
| FOUR | June 18, 2018 | Transfer from the Middle District of Florida of information regarding new Uber driver account in the name of H.V.S., processed using server located outside of Florida |
| FIVE | October 9, 2018 | Transfer from the Middle District of Florida of information regarding new Uber driver account in the name of G.F., processed using server located outside of Florida |

All in violation of 18 U.S.C. §§ 1343 and 2.

## COUNTS SIX THROUGH TEN
### (Aggravated Identity Theft)

On or about the dates listed below, in the Middle District of Florida, and elsewhere, the defendant,

**JESUS ALEJANDRO MILLAN GOMEZ,**

7

did knowingly transfer, possess and use without lawful authority, the means of identification of another person, as indicated below, during and in relation to a felony violation of wire fraud, in violation of 18 U.S.C. § 1343, as charged in Counts One through Five of this Indictment, knowing that such means of identification belonged to an actual person:

| Count | Date | Description |
|-------|------|-------------|
| SIX | June 10, 2018 | Victim A.M.P.'s name, date of birth, address, and Florida driver's license number to create an Uber driver's account |
| SEVEN | June 18, 2018 | Victim A.M.'s name, date of birth, address, and Florida driver's license number to create an Uber driver's account |
| EIGHT | June 18, 2018 | Victim J.B.M.'s name, date of birth, address, and Florida driver's license number to create an Uber driver's account |
| NINE | June 18, 2018 | Victim H.V.S.'s name, date of birth, address, social security number, and Florida driver's license number to create an Uber driver's account |
| TEN | October 9, 2018 | Victim G.F.'s name and date of birth to create an Uber driver's account |

In violation of 18 U.S.C. §§ 1028A and 2.

## FORFEITURE

1.     The allegations contained in Counts One through Five are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.      Upon conviction of a violation of 18 U.S.C. § 1343, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

3.      The property to be forfeited includes, but is not limited to, an order of forfeiture in the amount of proceeds obtained from the offenses.

4.      If any of the property described above, as a result of any act or omission of the defendant:

    a.      cannot be located upon the exercise of due diligence;

    b.      has been transferred or sold to, or deposited with, a third party;

    c.      has been placed beyond the jurisdiction of the Court;

    d.      has been substantially diminished in value; or

    e.      has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the

provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

A TR

_____
Foreperson

ROGER B. HANDBERG
United States Attorney

By: _____
Ranganath Manthripragada
Assistant United States Attorney

By: _____
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

10

# UNITED STATES DISTRICT COURT
## Middle District of Florida
### Orlando Division

## THE UNITED STATES OF AMERICA

vs.

### JESUS ALEJANDRO MILLAN GOMEZ

## INDICTMENT

Violation:   18 U.S.C. § 1343
             18 U.S.C. § 1028A

A true ▮▮▮▮▮▮▮

_____
Foreperson

Filed in open court this 19th day

of October, 2022.

_____
Clerk

Bail   $_____